FIRST NAT. BANK OF MEMPHIS *v.* STATE TAX COMMISSION.

Division B. Dec. 18, 1950.

No. 37742 (49 So. (2d) 410)

Jan. 22, 1951, (50 So. (2d) 146)

Jas. L. Byrd and Jno. S. Porter, for appellant.

**J. H. Sumrall,** for appellee.

596

**Holmes, C.**

This is an appeal from a decree of the Chancery Court of Hinds County adjudging the appellee to be entitled to recover of the appellant an additional inheritance tax in the sum of $1,152.00, and interest thereon. There is no dispute about the facts. H. Dent Minor died on July 12, 1947. At the time of his death, and for a number of years prior thereto, he was a resident of Desoto County, Mississippi. He left a last will and testament wherein he made the following bequests:

To American Foundation for the Blind, Inc. . .$5,000.00
To University of Virginia ................10,000.00
To Southwestern University in Memphis ....10,000.00
To Gailor Hall, Memphis ..................5,000.00
To Crippled Children's Hospital, Memphis ..5,000.00
To Sunshine Home for Aged Men, Memphis ..1,000.00

None of the beneficiaries of the foregoing bequests are located in the State of Mississippi, but are all conceded to be within the classification of corporations or associations "organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, no part of the net earnings of which inures to the benefit of any private stockholder or individual, or to a trustee or trustees exclusively for such religious, charitable, scientific, literary, or educational purposes".

In the rendition of the Mississippi State Inheritance Tax Return on behalf of the decedent, the foregoing bequests were claimed as deductions from the value of the gross estate for the purpose of determining the taxable net estate of the decedent in accordance with the provisions of Section 9267 of the Mississippi Code of 1942. These deductions were disallowed· by the State Tax Commission, and the additional state inheritance tax resulting from such disallowance was demanded of the executor of the estate of the decedent, and this proceeding was instituted to determine the question of the liability of the estate of the decedent for the additional tax demanded.

The sole question presented by the record is whether or not the estate of a resident is entitled to deductions for bequests made to religious, charitable, or educational corporations or associations located outside of the State of Mississippi in determining the amount of the state inheritance tax to be paid. The applicable statute is Section 9267 of the Mississippi Code of 1942, the pertinent provisions of which are as follows:

"§ 9267. Deductions from the gross estate—For the purpose of the tax, the value of the net estate shall be determined:

"(a) In the case of a resident, by deducting from the value of the gross estate . . .

"(3) The amount of all bequests, legacies, devises, or gifts to or for the use of the state of Mississippi, or for any political subdivision thereof, for exclusive public purposes; or to or for the use of any corporation or association organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, no part of the net earnings of which inures to the benefit of any private stockholder or individual, or to a trustee or trustees exclusively for such religious, charitable, scientific, literary, or educational purposes. This deduction shall be made in all cases when such

bequests are not prohibited by the Mississippi statutes of mortmain.''

It is the contention of the appellee that the deductions provided for in the foregoing statute are only authorized to be made to corporations or associations of the classifications enumerated that are situated within the State of Mississippi. It is argued by appellee that the deductions are in the nature of exemptions or appropriations, and that the Legislature was without constitutional power or authority to grant exemptions or make appropriations to corporations or associations outside of the State of Mississippi, and that therefore it must be concluded that the legislative intent and policy in enacting the statute was to apply the deductions only to those corporations and associations which are exempt from taxation under the laws of the State of Mississippi. We are unable to find merit in this contention and argument of appellee. The fallacy of appellee's position is that it is undertaking by interpretative devices to change the plain and unambiguous language of the statute. ▮▮ Interpretative devices, however, may be resorted to only to resolve ambiguity. Jasper County v. Town of Heidelberg, 204 Miss. 780, 38 So. (2d) 97. The statute applies the deductions to *any* corporation or association of the classification enumerated without restriction or limitation as to the location thereof, whether within or without the State of Mississippi. The language of the statute is plain and unambiguous, and the Legislature must be deemed to have intended what it has clearly expressed.

The statute is not seeking to grant exemptions or appropriations, but the clear import of the statute is to provide a method or formula whereby the value of the net taxable estate of the decedent may be determined. This the Legislature has done in clearly expressed language ▮▮ and it is not the province of the Court to change the law as the Legislature has written it. The unmistakable language of the statute in applying the

deductions to *any* corporation or association of the classification enumerated has left no room for construction.

"The courts have no right to add anything to or take anything from a statute, where the language is plain and unambiguous. To do so would be intrenching upon the power of the Legislature. Neither have the courts authority to write into the statute something which the Legislature did not itself write therein, nor can they ingraft upon it any exception not done by the lawmaking department of the government. Whenever the judiciary shall undertake to violate these rules—indeed, we may say maxims—then it is guilty of usurpation in its most obnoxious form; and the courts dare not do this lest they destroy their own usefulness and power." Hamner v. Yazoo Delta Lumber Co., 100 Miss. 349, 56 So. 466, 490.

This Court said in City of Hazlehurst v. Mayes, 96 Miss. 656, 51 So. 890, 891, referring to a statute: "It is plain and unambiguous as it is. It is not within the province of this court to add to the law as the Legislature has written it."

"No principle is more firmly established, or rests on more secure foundations, than the rule which declares when a law is plain and unambiguous, whether it be expressed in general or limited terms, that the Legislature shall be deemed to have intended to mean what they have plainly expressed, and, consequently, no room is left for construction in the application of such a law." Wilson v. Yazoo & M. V. R. Co., 192 Miss. 424, 6 So. (2d) 313, 314.

That it was the intention of the Legislature in cases of residents to apply the deductions to *any* corporation or association of the classification enumerated is made even more manifest by Section 9271, of the Mississippi Code of 1942, applicable to nonresidents, and the pertinent provisions of which are as follows:

"§ 9271. Deductions in the case of a non-resident.—(1) For the purposes of the tax the value of the net estate shall be determined:

"(a) In the case of a non-resident of the state of Mississippi, by deducting from the value of that part of his gross estate which at the time of his death is situated in the state of Mississippi.

. . . . . .

"(3) The amount of all bequests, legacies, devises, or transfers, except bona fide sales for a fair consideration in money or money's worth, in contemplation of or intended to take effect in possession or enjoyment at or after the decedent's death, to or for the use of the state or any political subdivision thereof, for exclusive public purposes or to or for the use of any domestic corporation or association organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, no part of the net earnings of which inures to the benefit of any private stockholder or individual, or to a trustee or trustees exclusively for such religious, charitable, scientific, literary, or educational purposes within the state, provided such bequests are not void under the provisions of the Mississippi statutes of mortmain."

Thus the Legislature in dealing with cases of *non-residents* applied the deductions only to *domestic* corporations or associations of the classification enumerated, and in cases of *residents* applied the deductions to *any* corporation or association of the classification enumerated. To hold that the Legislature intended to apply the deductions in question only to domestic corporations or associations in both cases is to do violence to the plain and unambiguous language of the statute. The authorities from the courts of other states are not persuasive in the interpretation of a statute which is plain and unambiguous in its language and leaves no room for construction.

We are accordingly of the opinion that the claimed deductions were allowable, and the decree of the court

below is therefore reversed and judgment rendered here for the appellant.

Reversed and rendered.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated the case is reversed and judgment rendered here for the appellant.

ON SUGGESTION OF ERROR.

**Hall, J.**

It is argued in the suggestion of error that the Mississippi inheritance tax law, adopted in 1918, Laws 1918, c. 109, has throughout the years been administered by the State Tax Commission and that as an administrative body it has consistently since 1918 interpreted the same to mean that no bequests by a resident of this state to nonprofit corporations or associations outside the state may be deducted from the gross value of the estate in computing the net value thereof; that the law was re-enacted in 1924, and again by the adoption of the Code of 1930, Code 1930, Section 5065 et seq., Code 1942, Section 9262 et seq., and that consequently the legislature has given sanction to the interpretation placed upon the law by the State Tax Commission and that we are bound by that interpretation.

This proceeding was commenced by a petition to the State Tax Commission for allowance of the deductions mentioned in the original opinion in this case; the relief sought by that petition was denied by the Commission; thereupon appellant filed a petition in the chancery court for allowance of the deduction; appellee answered that petition and not one time in its answer did it set up as a defense or even aver that the State Tax Commission had ever before interpreted the law in accordance with its present contention. ██ No proof of any

such interpretation was offered at the hearing and the record is wholly bare of such a contention. It was made for the first time in its original brief herein. Consequently we ignored the point in our original decision because there was nothing upon which we could do otherwise. Certainly we cannot take judicial notice of the truth of such a defense and since it is without any evidentiary support we now hold that it is wholly without merit.

▌▌▌ It is further suggested as error "that the 'Commissioner' who wrote the opinion in this case placed undue emphasis on the word 'any' used in the statute." While the opinion was written by one of the Commissioners of the Court, he put in the opinion exactly what the Judges agreed upon after a full and complete conference and consideration of the case, and his opinion was read and approved by every Judge sitting on this case and adopted as the opinion of the Court before it was handed down. We do not agree that undue emphasis was placed on the word "any". The statutes provide that in determining the net value of the estate of a resident of Mississippi there shall be deducted bequests to or for the use of "any" nonprofit corporation or association, regardless of where it may be organized or domiciled, but in determining the net value of the estate of a nonresident there shall be deducted bequests to or for the use of "any domestic" nonprofit corporation or association ". . . within the state". The legislature clearly made a distinction between the deductions allowable to the estate of a resident and the estate of a nonresident, recognizing that residents of this state should be given credit for bequests to such nonresident humanitarian institutions as the American Red Cross which not only spends thousands of dollars annually in this state but is always first on the scene when disaster from flood, windstorm, and the like, strikes any section of this state, or the National Foundation for Infantile Paralysis, which likewise annually spends thou-

sands of dollars within the state for the treatment and care of our unfortunate victims of poliomyelitis. Some of the institutions which are beneficiaries of the will involved in this case are no doubt rendering services to the residents of Mississippi and in our judgment the legislature clearly intended that a resident of this state could leave his money to ''any'' nonprofit corporation or association, just as the statute provides. Regardless of the authorities of other states, interpreting statutes worded differently from ours, we are satisfied with the conclusion heretofore reached by us in this case. Many of the authorities upon which appellee relies recognize that each state should interpret its statutes in accordance with their plain intent. For instance, in Ross on Inheritance Taxation, Sec. 146, cited by appellee, it is said: ''The courts have held, with unanimity, that *in the absence of any language plainly indicative of a different intent,* the legislature must be deemed to have made the exception for the benefit of its own institutions only, and that foreign corporations or institutions without the state, must pay the inheritance tax, . . .''. (Emphasis supplied.) Here we hold that the language of the legislature is plainly indicative of an intent wholly different from that for which appellee contends.

It is suggested lastly that our decision is revolutionary in character and will greatly reduce the amount of taxes which the state will be able to collect in the future. ██ ██ The prevention of such dire consequences upon the state's financial structure is of course a matter for the legislature and not for this Court. However, out of idle curiosity we have examined the report of the state's revenues as prepared by the State Budget Commission and submitted by the Governor to the last regular session of the legislature in January 1950, and we find that the total revenue collected by the state for the previous fiscal year, 1948-1949, was $54,786,284.41. Of this amount $194,149.87 was derived from the estate tax, which is approximately one-third of one per cent. While we have

no available figures on how much of this total estate tax was derived from the tax on bequests to nonresident nonprofit corporations or organizations by residents of this state, it certainly could not have been more than an infinitesimal fraction of the total estate tax collected. Viewing these figures we are not stirred to the point of alarm over the threatened bankruptcy of the state. The suggestion of error is accordingly overruled.

Suggestion of error overruled.