## State Tax Commission *v.* Jennings, et al.

No. 40316 February 4, 1957 92 So. 2d 361

*John E. Stone*, Jackson, for appellant.

*J. T. Drake, Jr.,* Port Gibson; *Satterfield, Shell, Williams* and *Buford,* Jackson, for appellees.

*Baker, Botts, Andrews & Shepherd,* Houston, Texas; *Green, Green & Cheney,* Jackson, Amici Curiae.

Roberds, P. J.

This proceeding involves an interpretation of the Mississippi statutes applicable to inheritance tax deductions

where the property is located in Mississippi; the donor is a nonresident of this State and the property is given to charities without this State.

Ode D. Jennings departed this life November 21, 1953. He was a resident of Cook County, Illinois. In his will he bequeathed to six cousins $2,500 each; to Elmer L. Cooper, one acre of land in Cook County; to his wife, an annuity of forty thousand dollars per year, or, in lieu thereof, at her election, the entire annual net income from his estate, and the balance of his estate he gave to various religious, charitable, scientific, literary and educational objects and purposes,—all of which we will include within the word "charity". Mrs. Jennings elected to receive the income from the estate. No charitable beneficiary was located in Mississippi, unless the gift to the Red Cross of Illinois might incidentally, under its method of distributing aid, redound to some extent to the benefit of the residents of Mississippi. We need not pass upon that.

The value of the gross estate left by Ode D. Jennings aggregated $2,211,222.22. Of this, the gross value of his estate located in Mississippi was $332,984.29. The gross value of the estate located without Mississippi was $1,-878, 237.93.

The question involved in this proceeding is whether all, or, if not, what proportion of his estate in Mississippi is liable to the inheritance tax of this State. The State Tax Commission contends that the entire gross estate located in Mississippi is liable to the tax. The executors of the estate contend that the Commission should grant a deduction for charity based on the proportion that the gross Mississippi estate bears to the entire gross estate. The chancellor sustained the contention of the executors. He defined the issue and announced his conclusion in these words: "It is the considered opinion of this Court that the estate of Ode D. Jennings, deceased, being the estate of a nonresident of

the State of Mississippi, is entitled * * * to claim as a deduction from the gross estate a proportionate part of the charitable bequests of the decedent, being in that proportion which the property in the State of Mississippi bears to the property wherever situated, as set forth in Line 5 of Schedule 'L' of the inheritance tax return as filed with the Mississippi State Tax Commission.''

The question is solvable in the main by a consideration and comparison of Sections 9267 and 9271, Miss. Code 1942, Annotated, which sections are applicable to the Jennings Estate, and which sections purport to define the inheritance tax deductions of residents and nonresidents of Mississippi.

We will first consider Section 9271, applying to deductions of a nonresident. That section is divided into subheads (1), (2) and (3). We will deal with subhead (1) later. Subhead (2) makes deductible property which had been acquired by decedent within two years prior to his death, under conditions there specified. We are not concerned with that here. Subhead (3) makes deductible gifts to charities, etc. in Mississippi. This is not applicable here. Subsection (1) reads as follows:

''(1) For the purposes of the tax the value of the net estate shall be determined:

''(a) In the case of a non-resident of the state of Mississippi, by deducting from the value of that part of his gross estate which at the time of his death is situated in the state of Mississippi.

(b) That proportion of the deductions specified above that the value of such part of the gross estate situated in the state of Mississippi bears to the value of his entire gross estate, wherever situated.'' Now, it must be admitted that this section is inaptly worded and its meaning is vague and uncertain. However, it is in the statute and we must determine its meaning and give it effect. This subsection has no bearing upon subsections (2) and (3). The latter two subsections are complete

within themselves. It will be noted that subsection (1) requires a comparison of the gross estate in Mississippi to the total gross estate of decedent. The Tax Commissioner recognizes that this must be done because he provided in his prescribed tax forms for just such a comparison, and in this case the inheritance tax return of the executors, made on said prescribed form, sets forth that information. And Section 9272, said Code, immediately following Section 9271, provides:

"(1) No deductions shall be allowed in a case of a non-resident unless the executor includes in the return required to be filed under this statute, the value at the time of the decedent's death of that part of the gross estate of the non-resident not situated in the state.

"(2) That proportion of the specific exemption allowed residents that the property located in the state of Mississippi and subject to this tax bears to the entire property of the decedent wherever situated."

Now, this comparison method seems applicable to the facts of this case. It expressly applies to nonresidents. Indeed, specific methods seem to be provided for all other cases of nonresidency.

The source of the present statute is Miss. Laws 1924, Chapter 134, Sections 6 and 8. Section 8(b) expressly and specifically applies the proportion formula to "the deductions specified in Section 6 of this act." Section 6 of the 1924 Act was the same as the present Section 9267, and authorized deductions for gifts to any charitable corporation. In compiling the Code of 1930 the editors, by Section 5074 (b), substituted for the phrase "in Section 6 of this act" the phrase "specified above", which is the terminology we now have. Hence it is manifest that the reference in Code Section 9271 (1) (b) is the same as that in the 1924 Laws, and the 1924 Laws specifically refer to gifts to any charitable corporation as the basis for applying the proportion formula to the estates of nonresidents having property in Mississippi.

This conclusion is strengthened by the provision of Miss. Laws 1956, Chapter 413, Sections 5 and 8. In 1956 for the first time the Legislature amended the 1924 Laws by applying the proportion formula only to subparagraphs (1) and (2) of the section specifying deductions. And in Section 8 of Chapter 413, Laws of 1956, the Legislature for the first time specifically states "it being the intention of this Act to allow charitable deductions to nonresidents only when such deductions are to be used in this State or are contributed to charitable or educational institutions operating, at least, partly within this state." So in addition to the interpretation of Section 9271 (1) (b) mentioned above, the 1956 Act, limiting the deduction to contributions to Mississippi charities, recognizes, by implication, that the law was different before the 1956 amendment. So the statutory history of this act from 1924 through 1956 supports, in our opinion, the decision of the chancery court.

■■ ■ Appellant contends that the reference in Section 9271 (3) also deals with nonresident charitable deductions, and since it is subsequent to and inconsistent with Section 9271 (1), it is the last expression of the Legislature and controls over subsection (1). In our opinion the contention is not well taken. The various parts of Section 9271 should be interpreted together, if possible, and in a consistent way. That can be done. Subsection (1) applies a proportion formula to nonresidents making gifts to any and all charities. Subsection (3) establishes a complete deduction for gifts to the State and local charities. Its manifest purpose was to encourage gifts to local charities. In the present case, the estate must pay some tax under the proportion formula, ■■■ but if the testator had left all of his Mississippi property to Mississippi charities, the estate could deduct all of those donations. That appears to be an interpretation consistent with the legislative history, the legislative intent, and the terms of the statute. It recognizes the several provisions in a consistent way.

The argument contra which appellant makes is that the proportion formula applies only to the deductions in Section 9267 (1) and (2), not to (3). But that is not what Section 9271 (1) (b) states. It applies the proportion formula to "the deductions specified above", which in plain words means all of the deductions specified above, not just the first two in Section 9267. Moreover, appellant's contention in this respect is inconsistent with the specific reference to the entire deduction statute in the 1924 Laws.

First National Bank of Memphis v. State Tax Commission, 210 Miss. 590, 49 So. 2d 410, 50 So. 2d 146 (1950) is not controlling here because that case was concerned with the estate of a resident of Mississippi.

In brief, the law prior to 1956 encouraged nonresident donations to Mississippi charities by granting a complete deduction therefor, but allowing a proportion formula in foreign charitable gifts. The 1956 Law retained a complete deduction for Mississippi charitable gifts, but eliminated any deduction for charitable gifts outside the State. Subsection (3) of Section 9271 applies, or if the donor is a resident of Mississippi, subhead (3) of Section 9267 applies. In other words, unless Section 9272 (1) and (2), and Section 9271 (1), (a) and (b), apply to the facts of this case, it is difficult to conceive to just what set of circumstances they do apply.

Section 9267 defines deductions for a resident donor of Mississippi. Subheads (1), (2) and (3) appear under that section. Subhead (1) deals with deductions for expenses of administration, etc., not here involved. Subhead (2) deals with property acquired within two years, etc., not here involved. Subhead (3) deals with charitable beneficiaries wheresoever located. Now, Section 9271 (1), (a) and (b), nonresident deductions, applies a proportion formula to "the deductions specified above." If that reference is an unequivocal reference to the preceding Section 9267 (a) (3), then it would seem

clear that the proportion formula applies to Jennings' estate.

 Therefore, construing together the provisions of the related statutes, we are of the opinion the chancellor correctly allowed a charitable deduction under the proportion formula of Section 9271 (1).

Affirmed.

*Hall, Kyle, Arrington* and *Gillespie,* JJ., concur.