RANDOLPH, Presiding Justice,
for the Court:
¶ 1. This consolidated appeal arises from the Mississippi Public Service Commission’s grant of a rate increase to Mississippi River Gas, LLC (MRG). The cities of Tchula and Port Gibson challenged the Commission’s authority to regulate municipally owned systems which have not expanded service beyond the area originally certificated prior to passage of the Public Utilities Act. The Commission determined the relevant statutory language exempting municipally “owned or operated” public utilities was ambiguous and that the Legislature intended to exempt only municipally “owned and operated” public utilities. The Commission also determined the relevant statutory language “extension of utilities,” which is an exception to the exemption, ambiguous, meaning “the total range [of coverage]” rather than an “enlargement in scope.” The Commission granted MRG’s requested rate increase. The cities appealed.

UNDISPUTED FACTS

¶ 2. The cities of Tchula and Port Gibson continue to own their respective gas-distribution systems, which were put in place prior to March 29, 1956 — the date the Public Utilities Act was passed. Private companies have always operated the systems through leases with the cities. Currently, MRG operates the cities’ gas-distribution systems. Prior to 1956, the cities’ gas-distribution systems extended beyond one mile of their city limits. The cities continued to use the same gas-distribution systems after March 29, 1956, and have not expanded their gas-distribution systems beyond that which was provided before that date.

PROCEDURAL HISTORY

¶3. MRG filed a notice of intent to change rates with the Commission, seeking to increase rates only for those customers beyond one mile of the city limits in each system. The cities intervened and filed motions to dismiss, arguing the Commission lacks subject matter jurisdiction to regulate rates for their systems pursuant to Section 77-3-1 of the Mississippi Code because the gas-distribution systems (1) are “owned or operated” by a municipality, (2) were in operation prior to March 29, 1956, and (3) have never been extended beyond their originally certificated areas.
¶ 4. The Commission denied the motions to dismiss. It found that MRG was subject to regulation because it is neither owned nor operated by the cities. The Commission held the phrase “owned or operated” in the statutory exemption of Section 77-3-1 was ambiguous and should be read as “owned and operated,” thus imposing a requirement that the affected municipal systems be both owned and operated to be exempt from Commission regulation. The Commission additionally held that the term “extension of utilities” was ambiguous and should be read to mean “the total range over which something extends” rather than “an enlargement in scope,” as argued by the cities. The Commission alternatively assumed jurisdiction because the cities continued to provide services beyond one mile of their city- limits after March 29, 1956. The Commission granted MRG’s amended rate-increase request, establishing a previously nonexistent fixed customer charge of $9.00 per month and a consolidated volumetric usage charge of $5.92 per thousand cubic feet. The cities appealed.

ISSUES

¶ 5. Multiple issues are raised on appeal; but we find the jurisdictional issue disposi-tive. The very narrow jurisdictional question is whether the Commission has juris *599 diction to regulate the rates charged to ratepayers on Tchula’s and Port Gibson’s gas-distribution systems, in light of the exemption provided by Section 77-3-1.

STANDARD OF REVIEW

¶ 6. “An agency’s interpretation of a rule or statute governing the agency’s operation is a matter of law that is reviewed de novo, but with great deference to the agency’s interpretation.” Buffington v. Miss. State Tax Comm’n, 43 So.3d 450, 454 (Miss.2010). “However, if an agency’s interpretation is contrary to the unambiguous terms or best reading of a statute, no deference is due.” Id. “[Wjhere the language in a statute is plain and unambiguous, ‘it is not within the province of this court to add to the law as the Legislature has written it.’ ” Lewis v. Hinds Cty. Circuit Court, 158 So.3d 1117, 1122 (Miss.2015) (quoting First Nat’l Bank of Memphis v. State Tax Comm’n, 210 Miss. 590, 49 So.2d 410, 412 (1950)).
No principle is more firmly established, or rests on more secure foundations, than the rule which declares when a law is plain and unambiguous, whether it be expressed in general or limited terms, that • the'- Legislature shall be deemed to have intended to mean what they have plainly expressed, and, consequently, no room is left for construction in the application of such a law.

Id.

ANALYSIS

¶7. The language of the Public Utilities Act controls the resolution of this case. It plainly reads:
Except as otherwise provided in Section 77-3-6,[1] any public utility as defined in paragraph (d) of Section 77-3-3, owned or operated by a municipality shall not be subject to the provisions of this article, except as to extension of utilities greater than one-(l) mile outside corporate boundaries after March 29, 1956.
Miss.Code Ann. § 77-3-1 (Rev.2009).
¶ 8. All parties ágree that (1) the cities qualify as public utilities, as does MRG;[2] (2) the cities own their gas-distribution systems, which are operated by MRG; and (3) the cities do npt own or operate MRG.
¶ 9. The Commission found that, while the cities may be exempt from Commission regulation, MRG was not. It posited that the Legislature, could not have intended for “[p]rivately-owned public utilities, otherwise subject to Commission jurisdiction, [to] circumvent regulatory oversight simply by using . or operating municipally-owned facilities.” To support their findings,- the Commission wrote “that the disjunctive ‘or’ in Section, 77-3-1 is more appropriately read conjunctively as ‘and,’” and that only systems that are both municipally owned and operated are exempt from Commission regulation.
¶ 10. However, “where the language in a statute is plain and unámbiguous, ‘it is not within the province of this court to add to the law as the Legislature has written it.’ ” Lewis, 158 So.3d at 1122. The Legislature clearly and unambiguously exempted “any public utility ... owned-or operated by a municipality,”' subject to the one-mile rule. Miss.Code Ann. § 77-3-1. See also Town of Enterprise v. Miss. Pub. Serv. Comm’n, 782 So.2d 733, 736 (Miss. *600 2001) (“However, an attendant section creates a specific exception to this certification requirement for municipally-owned utilities that operate within and up to one mile of the municipality’s boundaries.”) (emphasis added). The fact that municipalities are empowered to create utility commissions over systems that are both municipally owned and operated does not render the statute ambiguous. In defining public utilities, the Legislature again used the disjunctive “own or operate.” See Miss.Code Ann. § 77-3-3(d). Also, Section 77-3-6 provides for Commission review of billing disputes between a “municipally-owned or operated public utility” and its customers.
¶ 11. We find the statute unambiguous and that the Legislature meant what it plainly wrote: municipally owned or operated public utilities are exempt from Commission regulation, subject to the one-mile rule. This Court has previously stated “[a]ll part's of a statute are to be given effect if possible.” Miss. Pub. Serv. Comm’n v. City of Jackson, 328 So.2d 666, 658 (Miss.1976). The Commission’s argument that it can regulate MRG’s rates charged to ratepayers on the municipal systems because MRG is neither owned nor, operated by the cities would render the exemption for municipally owned systems void. We find the Commission erred in interpreting a statute which required no interpretation. No citation is needed for the principle that, where the words are clear and concise, courts .and agencies are bound to. apply their usual and ordinary meaning. Only if the words are unclear do we refer to other rules of statutory interpretation. Section 77-3-1 does not confer on the Commission rate-setting jurisdiction over certain public-utility systems that are either owned or operated by municipalities.
¶ 12. Section 77-3-1 exempts municipally owned or operated public utilities “except as to extension of utilities greater than one (1) mile outside corporate boundaries after March 29,1956.” The Commission also found this statutory clause ambiguous. The Public Utilities Act does not define “extension.” In the absence of a legislative definition, reference to a dictionary is proper. Kerr-McGee Chem. Corp. v. Buelow, 670 So.2d 12, 19 (Miss.1995). When one considers the Latin root of the word “extension” — which is extendere, meaning “to stretch out,”[3] — the meaning of “extension” becomes clear. The gas-distribution systems at issue have not been “stretched out,” nor was any evidence presented that there has been “an enlargement in scope or operation” of the gas-distribution systems at issue.
¶ 13. It is clear that the Legislature placed certain municipally owned utility systems which were providing a utility service beyond one mile of the city limits before the Public Utilities Act went into effect in one category, and extensions (i.e., additions), made thereafter in another. See Miss. Pub. Serv. Comm’n v. City of Jackson, 328 So.2d 656, 658-59 (Miss.1976). In City of Jackson, we found the Commission had rate-setting jurisdiction because the city had purchased a new facility outside one mile of the city limits after passage of the Act. Id. at 657-59. It was this subsequent extension of the gas-distribution system that conferred on the Commission jurisdiction to set the rates for those customers in the new area not part of the system in 1956. Id.
¶ 14. If Tchula and Port Gibson had extended their gas-distribution services beyond that which existed prior to the Public Utilities Act taking effect, and that subsequent extension had taken the sys *601 tem beyond one mile of the city limits, then the Commission would have'rate-setting jurisdiction over that extended service area. Although the cities continued to supply gas outside one mile of their city limits after March 29, 1956, they have not extended their transmission and distribution lines, nor have they added to or enlarged their distribution or transmission systems beyond those which were in service prior to that date. Thus, we find the Commission erred in assuming rate-setting jurisdiction, because there has been no extension of utilities after passage of the Public Utilities Act, as provided in Section 77-3-1.

CONCLUSION

¶ 15. The Commission’s reading of two key components of Section 77-3-1 was in error. We find the Commission erred in assuming rate-setting jurisdiction over Tchula’s and Port Gibson’s municipally owned, but not operated, public-utility systems. Additionally, the Commission erred in assuming jurisdiction over rates charged to customers beyond one mile of the cities’ limits when these cities had not extended their gas-distribution services beyond one mile of their city limits since passage of the Public Utilities Act. We reverse the Commission’s order on this narrow, specific basis and remand this case to the Commission for entry of an order consistent with this opinion.
¶ 16. REVERSED AND REMANDED.
WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, KING AND COLEMAN, JJ., CONCUR. . MAXWELL, J„ NOT PARTICIPATING.

. Section 77-3-6 provides for Commission review of ‘‘[a]ny dispute between a municipally-owned or operated public utility and a customer of such public utility” regarding billing and/or services in excess of $2,500.

. Section 77~3-3(d) defines “public utility”- as persons, corporations, or their lessees that own or operate natural gas-distribution facilities.

. See Webster's II New College Dictionary 396-97 (2001).