BOARD OF DISABILITY & RELIEF, CITY OF PASCAGOULA *v.* HUDSON

No. 40340 January 7, 1957 91 So. 2d 718

*Robert H. Oswald,* Pascagoula, for appellant.

*Joe A. Moore,* Pascagoula, for appellee.

HOLMES, J.

This appeal involves a claim of the appellee for disability benefits under the provisions of an Act of the Mississippi Legislature providing retirement and disability benefits for firemen and policemen. Chapter 227 of the Laws of 1942; Sections 3470-3494 of the Mississippi Code of 1942. The City of Pascagoula came within the terms of the Act. The claim was disallowed by the Board of Relief and Disability of the City of Pascagoula. The claimant appealed to the Board of Disability and Relief Appeals, and said latter Board reversed the decision of the Board of Relief and Disability of the City of Pascagoula and allowed the claim. The Board of Relief and Disability of the City of Pascagoula then appealed to the circuit court and the circuit court affirmed the decision of the Board of Disability and Relief

Appeals, and from this judgment of the circuit court, the appellant prosecutes this appeal.

There is no material dispute about the facts of the case. J. B. Hudson, the appellee, was for many years employed as a member of the fire department of the City of Pascagoula and served for a long time as chief of the fire department. He was so serving on or about April 17, 1952, when a fire truck in which he was riding collided with a train resulting in his serious injury. He remained in the service of the City as a fireman until July 1953. On June 30, 1953, he wrote a letter to the governing authorities of the City of Pascagoula and to the Board of Relief and Disability of the City of Pascagoula asking that his application for retirement as a member of the paid fire department of the City be accepted and claiming that he was entitled to retirement benefits. The Board of Relief and Disability of the City of Pascagoula treated this letter as an application for retirement and/or disability benefits and entered an order disallowing retirement benefits because his period of service had not qualified him therefor, but granting to him disability benefits effective as of July 1, 1953 in the sum of $100 per month, and directing that the same be paid to him during the period of his disability.

This order was entered on September 10, 1953. The payments were made to the claimant under this order until and including September 1954, and were thereafter terminated by a letter written to the claimant by the city attorney under date of October 9, 1954. The appellee was employed by the Ingalls Shipbuilding Corporation from January 1954 to the date of the hearing, and received in this employment $2.25 per hour, working eight hours a day, five days a week. His job with the Ingalls Shipbuilding Corporation was a sitting job and required no physical effort. It consisted chiefly of fixing extension cords and sockets and other light repair work, and sometimes fixing outdoor extension cords. The aforesaid let-

ter written by the City Attorney advised the appellee that the disability payments were being terminated because it appeared that he had other gainful employment. This letter was not written pursuant to any hearing had by the Board, nor pursuant to any order entered by the Board directing that it be written. The appellee seeks by this proceeding the resumption of the disability payments for the month of October 1954 and subsequent months during the period of his disability. On September 29, 1955, the Board of Relief and Disability of the City of Pascagoula entered an order reciting that the disability benefits which had been authorized by the order of the Board on September 10, 1953 were discontinued after the September 1954 payment but not as the result of any examination of the claimant as to his condition of disability. The Board, therefore, ordered that he be subjected to a physical examination by Drs. Weatherford and Lockard to determine whether or not at the time of the discontinuance of the disability payments to him, or at the present time, he was totally disabled for the discharge of his duties as a member of the Pascagoula Fire Department, and directing that the doctors file their report. Accordingly, the appellee was subjected to such examination, and Drs. Weatherford and Lockard filed their report under date of October 21, 1955. The appellee was also examined by Dr. R. A. Cameron, who made his report of the examination under date of November 1, 1955. All of the doctors agreed that the appellee was totally disabled to discharge the duties of or render any service as a fireman.

 ██ The appellant contends that the circuit court erred in affirming the decision of the Board of Disability and Relief Appeals and in allowing the disability benefits claimed by the appellee for the reason that the appellee resigned as a member of the Fire Department of the City of Pascagoula and obtained other gainful employment, and that he sought disability benefits only after

such voluntary resignation, and that he was therefore not a fireman at the time he sought the disability benefits and was not entitled thereto. We do not think the record sustains the contention of the appellant that the appellee was not a fireman at the time he sought the disability benefits. The undisputed proof shows that the appellee remained in the employment of the City as a member of the fire department from the date of his injury to July 1953. On June 30, 1953, while he was still a member of the city fire department, he gave notice not of his intention to resign but of his desire to retire and claim retirement benefits. The Board of Relief and Disability of the City of Pascagoula treated this notice as an application for retirement and/or disability benefits and granted the disability benefits and paid the same until such payments were terminated by the aforesaid letter of the city attorney.

 We are, therefore, of the opinion that the sole question here presented is whether the appellee forfeited his right to the disability benefits by engaging in other gainful employment which he was able to perform notwithstanding his admitted total disability to discharge the duties of a fireman. The solution of this question involves a construction of the applicable statutes.

Section 3485 of the Mississippi Code of 1942 authorizes the allowance of disability benefits to a member of the fire department who has become totally disabled "for the discharge of his duties as a member of said fire department" by reason of sickness or injury caused or sustained by reason of his service in said department. Said section further provides as follows: "If said city pays a salary to its firemen and/or policemen while disabled in an amount equal to the disability relief allowed under this act, said fireman or policeman shall not be entitled to any disability relief under this act."

Section 3486 of the Mississippi Code of 1942 provides retirement benefits for firemen who have served for a

prescribed period of time. This section further provides as follows: "Any person receiving relief or benefits under the provisions of this act shall not be entitled to said benefits should such person attach himself to a paid fire department or police department in another city."

Thus it will be observed from the plain and unambiguous language of the statute that the total disability for which benefits are allowed firemen is related solely to disability to discharge the duties of a member of the fire department. Where the total disability exists, as it admittedly does in the case before us, the only restriction upon the right to benefits is in a case where the city is paying a salary to the claimant while disabled in an amount equal to the disability relief allowed, and in a case where the claimant has attached himself to a paid fire department in another city. Neither of these restrictions applies under the facts of the case before us.

■ ■ In giving effect to the statute, we must construe it according to its plain and unambiguous language. The legislature must be deemed to have intended what it has clearly expressed. In the case of First National Bank of Memphis v. State Tax Commission, 210 Miss. 590, 49 So. 2d 410, the Court said: "The language of the statute is plain and unambiguous, and the legislature must be deemed to have intended what it has clearly expressed." In the case of Hamner v. Yazoo-Delta Lumber Co., 100 Miss. 349, 56 So. 466, the Court said: "The courts have no right to add anything to or take anything from a statute where the language is plain and unambiguous. To do so would be entrenching upon the power of the Legislature." In the case of City of Hazlehurst v. Mays, 96 Miss. 656, 51 So. 890, the Court, referring to a statute, said: "It is plain and unambiguous as it is. It is not within the province of this Court to add to the law as the legislature has written it." Again in the case of Wilson v. Y. & M. V. R. Company, 192 Miss. 424, 6 So. 2d 313, the Court said: "No principle is more firmly established, or rests on more secure foundations, than the rule which

declares when a law is plain and unambiguous, whether it be expressed in general or limited terms, that the legislature shall be deemed to have intended to mean what they have plainly expressed, and, consequently, no room is left for construction in the application of such a law.''

We must, therefore, conclude that the total disability for which benefits are allowed firemen under the statute was intended to mean disability to discharge the duties of a fireman. We cannot broaden the statute. That is a legislative function. The appellee's total disability to discharge the duties of a fireman is admitted. We are accordingly of the opinion that the fact that the appellee obtained other employment which he was able to perform notwithstanding his admitted total disability to discharge the duties of a fireman would not deprive the appellee of his right to the disability benefits provided by the statute. It follows that the judgment of the learned circuit court must be and it is affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Arrington* and *Gillespie, JJ.,* concur.