CONWAY, DEFENDANT-APPELLANT *v.*
MISSISSIPPI STATE BOARD OF HEALTH, ETC.,
COMPLAINANTS-APPELLEES

No. 43430          March 22, 1965          173 So. 2d 412

*Blass & Smith,* Wiggins, for appellant.

*Martin R. McLendon,* Asst. Atty. Gen., Jackson, for appellee.

PATTERSON, J.

This appeal arises from a decree of the Chancery Court of Greene County enjoining the appellant from engaging in the practice of medicine until he received a new license from the State Board of Health.

The basic issue before us is whether the court below erred in granting the temporary injunction, which action is assigned as error. This necessitates consideration of Mississippi Code Annotated section 8884 (1956) upon which the bill of injunction is predicated. This section provides:

> Every person who receives a license to practice medicine must file it in the office of the clerk of the circuit court of the county in which he resides within sixty days from the date of its issuance; *otherwise it shall become void.* When the license is filed the clerk shall record the same, with his certificate of the filing thereto attached, in a suitable book to be kept in his office for that purpose, upon the payment by the licensee of the fee provided by law; and, when recorded, he shall deliver the original, on demand, to the licensee. *Whenever the licensee shall change the county of his residence and of usual practice, he must, under like penalty, file the original or a certified copy of the license, or of the record thereof, in the office of said clerk, in the county into which he shall move and practice, within sixty days of the time of such removal, to be there recorded in like manner and under like penalty.*" (Emphasis added.)

The essential facts requisite to a decision of this cause are as follows: The appellant was issued a license to practice medicine within the state of Mississippi by the State Board of Health on June 21, 1961. The appellant was advised of the issuance of this license by

the State Board of Health on June 24, 1961, by letter which contained the following: ''Please remember that your license must be recorded in the office of some circuit clerk in the state of Mississippi before August 21, 1961, *or it becomes null and void*. In order to be sure you should have it recorded immediately after you receive it which will be in about two or three weeks.'' And subsequently, another letter of July 14, 1961, from the State Board of Health, ''Be sure to have this license recorded in the office of some circuit clerk in Mississippi (preferably in the county in which you expect to practice) within sixty days from the date of issuance *or it becomes null and void*. In other words, it must be recorded by August 21, 1961.'' Thereafter, the doctor began the practice of medicine in Amite County, Mississippi, and recorded his license with the circuit clerk of that county prior to August 21, 1961. About three months later the appellant moved to Decatur, Georgia, where he practiced his profession for approximately one year. He then moved to New Orleans, Louisiana, where he practiced medicine with the Veterans Administration in that city until July 8, 1963, where he established his residence in Greene County, Mississippi, and engaged in the practice of medicine in that area.

On May 29, 1964, the appellant filed with the circuit clerk of Greene County the license to practice medicine which had been issued to him on June 21, 1961, and which had been theretofore filed with the circuit clerk of Amite County. On June 3, 1964, appellant made an oral request of Dr. Gray, the Secretary of the State Board of Health, that his license be re-issued. This request was denied by the secretary. However, the doctor was advised to appear before the State Board of Health on June 17 following and renew his request before such body for the re-issuance of his license. This the defendant did not do.

A petition was filed by the State Board of Health and the Attorney General of this state on July 8, 1964, seeking an injunction prohibiting the appellant from engaging in the practice of medicine within this state until such time as he is issued a valid license therefor. After notice and answer, a hearing was had resulting in a decree enjoining the appellant from engaging in the practice of medicine until a proper license was obtained. This injunction was stayed, after hearing, by this Court on supersedeas pending this appeal.

The appellant urges in support of his assignment of error the following points:

(1) The injunction was issued on purely technical, as opposed to equitable, grounds under a statute which is highly penal in character and which, under the facts of this case should be construed as directory only.

(2) The appellant relied upon the instruction received from the State Board of Health as to the filing of its license and that such Board should now be estopped to challenge the validity of the license on this point.

(3) Neither the State Board of Health nor the Attorney General of the state has authority to bring this suit.

(4) The writ of injunction should not lie for the reason (A) there is an adequate remedy at law, and (B) no irreparable injury is shown.

(5) Mississippi Code Annotated sections 8884, 8885 and 8893 (1956) deal with the same subject matter and are in pari materia and must be construed together and that when this is done, it becomes apparent that the license of a physician once granted can only be revoked or suspended in the manner provided for in section 8893.

██ █ We pass upon the points raised by appellant in the order of their presentation. The provisions of section 8884 *supra* which require the recording of a license to practice medicine within sixty days of its issuance and further provide that whenever the licensee

shall change the county of his residence and usual practice, ". . . he must, under like penalty, file the original or a certified copy of the license, or of the record thereof, in the office of said clerk, in the county into which he shall move for practice, within sixty days of the time of such removal, to be there recorded in like manner and under like penalty" are clear and unambiguous and must be construed to mean what is said. *Day v. Hart*, 232 Miss. 516, 99 So. 2d 656 (1958). The rule announced is discussed at length in *Board of Disability and Relief, City of Pascagoula v. Hudson*, 229 Miss. 631, 91 So. 2d 718 (1957) by this Court wherein it is said that:

> In giving effect to the statute, we must construe it according to its plain and unambiguous language. The legislature must be deemed to have intended what it has clearly expressed. In the case of First National Bank of Memphis v. State Tax Commission, 210 Miss. 590, 49 So. 2d 410, the Court said: "The language of the statute is plain and unambiguous, and the legislature must be deemed to have intended what it has clearly expressed." In the case of Hamner v. Yazoo-Delta Lumber Co., 100 Miss. 349, 56 So. 466, the Court said: "The courts have no right to add anything to or take anything from a statute where the language is plain and unambiguous. To do so would be entrenching upon the power of the Legislature." In the case of City of Hazlehurst v. Mays, 96 Miss. 656, 51 So. 890, the Court, referring to a statute, said: "It is plain and unambiguous as it is. It is not within the province of this Court to add to the law as the legislature has written it." Again in the case of Wilson v. Y. & M. V. R. Company, 192 Miss. 424, 6 So. 2d 313, the Court said: "No principal is more firmly established, or rests on more secure foundations, than the rule which declares when a law is plain and unambiguous, whether it be expressed in general or limited terms, that the legislature shall be deemed to have

intended to mean what they have plainly expressed, and, consequently, no room is left for construction in the application of such a law.''

We conclude from the plain terms of the statute that the license became void upon the expiration of sixty days from July 8, 1963, the date the appellant established his residence in Greene County, and that such license could not be restored to validity by subsequent recordation.

The appellant next argues that the State Board of Health is estopped to challenge the validity of the license since its two letters, supra, misled the appellant in that he relied upon the same and his attention was not directed to the latter part of the statute relating to the removal of one's residence and practice to another county. This removal also requires a recordation of the license within sixty days after the acquisition of such new residence. We are of the opinion that this contention is without merit as this Court has heretofore held in *State Ex Rel Gully, State Tax Collector v. Mutual Life Ins. Co. of New York,* 189 Miss. 830, 196 So. 796 (1940): ''A departmental ruling cannot make a statute mean one thing when on its face it plainly means another thing.'' See also *Mississippi Cottonseed Products Co. v. Stone,* 184 Miss. 409, 184 So. 428 (1938), and *Anderson v. Love,* 169 Miss. 219, 151 So. 366 (1933). The letters by the Secretary of the State Board of Health could not have the effect of altering the statute and it is not estopped thereby from pursuing the other duties imposed upon it by Mississippi Code Annotated section 7024, et seq. (1952) in regard to the granting of licenses for the practice of medicine and the regulation thereof within this state.

The appellant contends by point 3 of his argument that the complainants had no authority of law to prosecute this cause of action, and in support of this con-

tention he cites Mississippi Code Annotated section 8923-51 (1956) which is in part as follows:

1. An action for any injunction may be brought and maintained in the name of any state board authorized to hold examinations and grant license to practice any profession to enjoin and prohibit any person from the practice of any profession required to be licensed by said board, *when such person is practicing said profession and has not been granted a license therefor.* (Emphasis added.)

He stresses the closing words ". . . and has not been granted a license therefor," to mean that an injunction suit might not be brought against a physician who has theretofore been issued a license. This argument overlooks the foregoing words in the statute ". . . is practicing said profession and has not been granted a license therefor." The words "is practicing" are in the present tense and clearly the following words "has not been granted a license therefor" refer to such present practice which, in this case was unauthorized, and not to a former authorized practice. We are of the opinion that this section is ample and clear authority for the State Board of Health to invoke the jurisdiction of the chancery court for the purpose of enjoining an unauthorized practice of medicine. See *Busch Jewelry v. State Board of Optometry,* 216 Miss. 475, 62 So. 2d 770 (1953).

The two sub-points raised by point 4, (A) that complainants have an adequate remedy at law, and (B) that no irreparable injury is shown, are also not well taken, as statutory authority for bringing a suit is sufficient to invoke the jurisdiction of a court and the complainant is relieved of the burden of proof as to no adequate remedy at law and irreparable injury since the enactment of the statute, Section 8923-51, by implication assumes there was not an adequate remedy at law

and that the injury was irreparable, i. e., the legislation was needed or else it would not have been enacted.

Finally, under point 5, the appellant argues that the Legislature has prescribed standards for applicants seeking to be licensed to practice medicine, and that ''Section 8885 *supra* cannot be construed to mean that the State Board of Health could refuse to issue a new license in lieu of a lost one or in lieu of one which had not been timely filed in its sole discretion, but that it could only refuse to issue such license in cases where the grounds set out in 8893 had been found to exist and after notice and hearing.'' We do not pass upon this question as it is not presently before the Court, there being no evidence that the State Board of Health has or will refuse the issuance of a new license when properly requested to do so.

We have carefully considered the entirety of the record and we are of the opinion that the cause should be affirmed. In so ruling we are not unmindful of the fact that the appellant is not without remedy as he has the statutory right to request a new license under the provisions of Mississippi Code Annotated section 8885 (1956) which is as follows:

If a license to practice medicine be issued and be lost, or if the holder of a license fail to have the same recorded within sixty days as required by law, the state board of health may, in its discretion, issue a new license.

There having been appended to the record affidavits, letters, etc. by the appellee in opposition to appellant's petition for supersedeas and there now being a motion to strike the same by the appellant as they are not properly a part of this record, and the Court having considered the same, we are of the opinion that the motion is well taken and is hereby sustained and the

appended affidavits, letters, etc., submitted by appellee in opposition to the supersedeas are stricken.

Affirmed.

*Lee, C. J., Jones, Brady and Inzer, JJ.,* concur.