185 So.2d 684 (1966)
Miss Elizabeth DARBY
v.
MISSISSIPPI STATE BOARD OF BAR ADMISSIONS et al.
No. 43937.
Supreme Court of Mississippi.
April 25, 1966.
*685 Melvin, Melvin & Melvin, Laurel, for appellant.
Walter W. Eppes, Jr., Meridian, Thomas Y. Minniece, William J. Gunn, Jr., Meridian, O.B. Triplett, Jr., Forest, for appellees.
ETHRIDGE, Chief Justice.
This suit raises issues concerning the unauthorized practice of law by a chancery court clerk. It is for an injunction against *686 Miss Elizabeth Darby, appellant, brought in the Chancery Court of Neshoba County by the State Board of Bar Admissions, the Neshoba County Bar Association, an unincorporated association, and seven members of the county bar. The regular chancellor of the district disqualified himself, and appointed another to act as special judge in this cause. Miss. Code Ann. § 1652 (1956). After a lengthy hearing, the chancery court found that Miss Darby has been guilty of practicing law without a license in the acts performed by her, including but not limited to the drawing of deeds and deeds of trust, notes, bills of sale and title certificates. It therefore enjoined her individually and through her agents, deputies, and employees from preparing or assisting any person in the preparation of such instruments, or preparing or certifying to any instrument giving an opinion as to the validity of title to real or personal property not owned by the defendant; from all acts prohibited by Mississippi Code Annotated section 8682 (1956); and from directly or indirectly holding herself out to the public by offering to perform any of the services described in the decree. We affirm.
All of the complainants had the right to bring this action. The State Board of Bar Admissions supervises admissions to the Mississippi State Bar, including the giving of bar examinations and licensing. Miss. Code Ann. §§ 8647-8684 (1956). Code section 8923-51 authorizes an action for injunction to be brought in the name of any state board, authorized to hold examinations and grant licenses to practice any profession, to prohibit any person from the practice of a profession required to be licensed by the board, when such person is practicing the profession and has not been granted a license. It provides that the power conferred by the act "is in addition to and supplementary to all other statutes, civil and criminal, dealing with the subject matter herein * * *." Miss. Code Ann. § 8923-51 (1964 Supp.). The Board of Bar Admissions had authority under this statute to bring this action for an injunction. Conway v. Miss. State Board of Health, 252 Miss. 315, 173 So.2d 412 (1965); Busch Jewelry Co. v. State Board of Optometry, 216 Miss. 475, 62 So.2d 770 (1953).
The Neshoba County Bar Association, an unincorporated, voluntary bar association, and the individual members of the bar of Neshoba County also had the right to bring this suit seeking to prevent the unauthorized practice of law. They had an interest in the subject matter, responsibilities as officers of the court, and were affected by any unauthorized practice of law. North Dade Bar Association, Inc. v. Dade-Commonwealth Title Ins. Co., 143 So.2d 201 (Fla. 1962); Bar Association of Dallas v. Hexter Title & Abstract Co., 175 S.W.2d 108 (Tex.Civ.App. 1943), affirmed in Hexter Title & Abstract Co. v. Grievance Committee, 142 Tex. 506, 179 S.W.2d 946, 157 A.L.R. 268 (1944). Hence the Bar Association of Neshoba County and the individual practitioners were proper parties in a suit of this nature. See 7 Am.Jur.2d Attorneys at Law § 90 (1963).
The evidence clearly showed, and the chancery court found, that defendant was guilty of practicing law in the acts performed by her, consisting of but not limited to the drawing of deeds and deeds of trust, notes, bills of sale, and title certificates to real property. In fact, defendant's own testimony supports this conclusion. Even a local bank accepted defendant's title certificates as the basis of making loans on real property. She was not a mere scrivener, the trial court observed, but exercised discretion, as shown by numerous instruments introduced in the record and admittedly prepared by her from information obtained by her from customers, and used her own knowledge and judgment in determining the terminology and the type of instrument to be drawn. Defendant kept printed forms of these instruments in her office, would check the title descriptions, complete the forms, and then her customers would execute them and she would take the acknowledgment.
*687 The practice of law includes the drafting or selection of documents, the giving of advice in regard to them, and the using of an informed or trained discretion in the drafting of documents to meet the needs of the person being served. So any exercise of intelligent choice in advising another of his legal rights and duties brings the activity within the practice of the legal profession. Oregon State Bar v. Security Escrows, Inc., 233 Or. 80, 377 P.2d 334 (1962). The preparation of deeds and other legal papers in defendant's office was a daily affair, not limited to unusual situations. She made a campaign promise to prepare land deeds, deeds of trust, and notes for the local populace. Apparently this practice had been going on for several decades, including her father's preceding administration as chancery clerk.
The chancery court found on ample evidence that defendant received compensation, directly and indirectly, for many of the legal services performed by her. However, the practice of law does not necessarily involve charging or receiving a fee for services performed. The element of compensation for such services may be a factor in determining whether specified conduct constitutes the practice of law, but it is not controlling. The character of the service and its relation to the public interest determines its classification, not whether compensation is charged for it. Annots., 151 A.L.R. 781 (1944); 125 A.L.R. 1173 (1940); 111 A.L.R. 19 (1937).
The objective of both the legislature and the courts in supervising admissions to the bar is the protection of the public against injuries from acts or services, professional in nature, constituting the practice of law, and done or performed by those not deemed to be qualified to perform them. A gratuitous service by a licensed doctor or lawyer is none the less professional. The welfare of the public is the principal consideration. Grievance Committee of State Bar of Texas, 190 S.W.2d 126 (Tex.Civ. App. 1945); Chicago Bar Ass'n v. Quinlan & Tyson, Inc., 53 Ill. App.2d 388, 203 N.E.2d 131 (1964); Washington State Bar Ass'n v. Washington Ass'n of Realtors, 41 Wash.2d 697, 251 P.2d 619 (1952). In short, the prohibition against others than members of the bar of the State of Mississippi from engaging in the practice of law is not for the protection of the lawyer against lay competition, but is for the protection of the public. Beach Abstract & Guaranty Co. v. Bar Association of Arkansas, 230 Ark. 494, 326 S.W.2d 900 (1959); State Bar of Arizona v. Arizona Land Title & Trust Co., 90 Ariz. 76, 366 P.2d 1 (1961); Grievance Committee of Bar of New Haven County v. Payne, 128 Conn. 325, 22 A.2d 623 (1941) (title certificates by town clerk); Union City & Obion County Bar Association v. Waddell, 30 Tenn. App. 263, 205 S.W.2d 573 (1947); Hexter Title & Abstract Co., Inc. v. Grievance Committee, State Bar of Texas, 142 Tex. 506, 179 S.W.2d 946, 157 A.L.R. 268 (1944); 7 Am.Jur.2d Attorneys at Law § 73 (1963).
A statute makes it a crime for an unlicensed person to practice as an attorney and counsellor at law. Miss. Code Ann. § 2332 (1956). Section 8669 makes it unlawful for a clerk of any court "to exercise the profession or employment of an attorney or counsellor at law," or to engage in the practice of law or to receive any fee for any such service, and designates this a misdemeanor. Miss. Code Ann. § 8669 (1956). Another statute makes it unlawful for any person to engage in the practice of law without a license, stating that any person "who shall for a fee or reward or promise, directly or indirectly," write any paper to be filed in a proceeding or dictate a bill of sale, deed, deed of trust, mortgage, contract, or will, or make or certify to any abstract of title, "shall be held to be engaged in the practice of law." Miss. Code Ann. § 8682 (1956).
The acts designated in Section 8682 as constituting the practice of law are not all-exclusive nor all-inclusive. Manifestly there are many others which might *688 be performed by an unlicensed person which may also constitute the practice of law. Section 8682 simply provides that the designated acts under the defined circumstances constitute the unlawful practice of law, but it does not encroach on the constitutional power of the judiciary to determine that other acts may also do so. Rhode Island Bar Ass'n v. Automobile Service Ass'n, 55 R.I. 122, 179 A. 139, 100 A.L.R. 226 (1935); 7 Am.Jur.2d Attorneys at Law § 73 (1963). Such statutes are not a complete enumeration. The courts have inherent authority, independent of statute, to decide what acts constitute the practice of law. See Annots., 111 A.L.R. 1, 50-51 (1937); 53 A.L.R.2d 788, 806 (1957).
Affirmed.
BRADY, PATTERSON, SMITH and ROBERTSON, JJ., concur.