# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-CA-01842-SCT

***TYRONE LEWIS, SHERIFF HINDS COUNTY,***
***MISSISSIPPI***

***v.***

***HINDS COUNTY CIRCUIT COURT***


| | |
|---|---|
| DATE OF JUDGMENT: | 09/30/2013 |
| TRIAL JUDGE: | HON. WILLIAM A. GOWAN, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DANA P. SIMS |
| ATTORNEY FOR APPELLEE: | ANNE MARIE LIVINGSTON |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | VACATED IN PART AND RENDERED - 02/19/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., KITCHENS AND COLEMAN, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.     The instant appeal arises out of a dispute between Sheriff Tyrone Lewis of Hinds County and the judges' chambers of the Hinds County Circuit Court over the role of bailiffs. Lewis attempted to make hiring, firing, and compensation changes affecting bailiffs. In response, the circuit court issued an Order and Opinion in 2012 upholding a previous Order from 1996. The 1996 Order stated that, in several respects, further detailed below, bailiffs fell under the authority of the judiciary rather than the sheriff. Lewis filed a Motion for Relief, and the circuit court subsequently issued another order, granting the power to compensate bailiffs to the sheriff only if he follows the terms of the 1996 Order. Lewis

appealed. We hold that the 1996 Order and the 2012 Order and Opinion are void in part to the extent they directly violate the Constitution and statutory law.

## PROCEDURAL HISTORY AND BACKGROUND

¶2.     In 1996, the Hinds County Circuit Court issued an Order to Establish Rules and Regulations for Court Bailiffs. The stated purpose of the 1996 Order, signed by all four then-serving Hinds County Circuit Court judges, was to maintain order and efficiency within the Hinds County Circuit Court. The Order addressed the hours, uniform, discipline, and duties of bailiffs. The Order stated: "Court Bailiffs shall not be assigned duties which are non-judicial except upon permission of the Judge . . . Bailiffs do not function as part of any law enforcement agency." The Order also stated:

> Bailiffs may be assigned by the Sheriff to special duties such as fair duty, football game duty and other duties of similar nature. Bailiffs may be utilized by the Hinds County Sheriff should they be needed for County emergencies. Salaries for Court Bailiffs shall be set by the Sheriff on an equitable basis.

¶3.     Sheriff Tyrone Lewis took office in January 2012. Lewis then submitted Special Orders before the circuit court pertaining to the demotion, transfer, and reduction of salaries of bailiffs. In response, the circuit court issued an Order and Opinion on February 12, 2012. The 2012 Order and Opinion stated that the 1996 Order is binding, and bailiffs are court personnel. The Order and Opinion concluded that Lewis's Special Orders violate the 1996 Order and are, therefore, void. Further, the Order and Opinion stated that "any party attempting to violate this order shall immediately SHOW CAUSE . . . ."

¶4.     Lewis appealed the 2012 Order and Opinion to the Supreme Court, and the circuit court moved to dismiss the appeal. We issued an Order granting the motion to dismiss

2

*without* prejudice. Subsequently, on April 23, 2012, Lewis filed a Motion for Relief from Order and Opinion in the circuit court. The circuit court did not respond; thus, Lewis again appealed to the Supreme Court. On May 11, 2012, we issued a mandate dismissing the appeal *without* prejudice and compelling the circuit court to respond. On September 30, 2013, the circuit court finally entered an Order. The Order found that the 2012 Order and Opinion enforced the 1996 Order that Lewis failed to properly appeal; thus, it stands. The Order further found that "the Court has no authority to control salaries of bailiffs so long as the terms of the 1996 Order are met; i.e. [The Sheriff] shall . . . set [bailiffs'] salaries on an equitable basis congruent with other deputies."

¶5.     Lewis then appealed to the Supreme Court under a Writ of Mandamus, and we dismissed his appeal as moot. Subsequently, Lewis properly appealed the circuit court's September 30 Order to the Supreme Court.

### STANDARD OF REVIEW

¶6.     The Court "will not engage in statutory interpretation if a statute is plain and unambiguous." ***Mississippi Methodist Hosp. & Rehab. Ctr., Inc. v. Mississippi Div. of Medicaid***, 21 So. 3d 600, 607 (Miss. 2009) (citing ***In re Guardianship of Duckett***, 991 So. 2d 1165, 1181 (Miss. 2008)). Statutory interpretation is appropriate when a statute is ambiguous or silent on a specific issue. ***Mississippi Methodist Hosp. & Rehab. Center, Inc***. 21 So. 3d at 607 (citing ***In re Duckett***, 991 So. 2d at 1181-82). If statutory interpretation is appropriate, the Court has written:

> Statutory interpretation is a matter of law which we review in its entirety. ***Wallace v. Town of Raleigh****, 815 So. 2d 1203, 1206 (Miss. 2002). We presume a statute is constitutional unless the challenging party is able to prove

unconstitutionality beyond a reasonable doubt. *Id; see also **Miss. Power Co. v. Goudy**,* 459 So. 2d 257, 263 (Miss. 1984). All doubt must be resolved in favor of the validity of a statute. ***Loden v. Miss. Pub. Serv. Comm'n****,* 279 So. 2d 636, 640 (Miss. 1973).

***University of Mississippi Med. Ctr. v. Robinson***, 876 So. 2d 337, 339-40 (Miss. 2004).

Whether the statute is ambiguous or unambiguous, the "ultimate goal of [the] Court in interpreting a statute is to discern and give effect to the legislative intent." ***Allred v. Yarborough***, 843 So. 2d 727, 729 (Miss. 2003) (quoting ***City of Natchez v. Sullivan***, 612 So. 2d 1087, 1089 (Miss. 1992)).

## STATEMENT OF THE ISSUES

¶7. On appeal, Lewis brings three issues, and the circuit court brings two similar issues. We have consolidated the collective five issues into three specific issues.

   I. **Whether Mississippi Code Section 19-25-19 authorizes a sheriff to appoint, assign, and compensate bailiffs without the express permission of the circuit court.**

   II. **Whether Mississippi Code Section 19-25-21 authorizes a sheriff to enforce the training requirements of Sections 19-25-21 and 45-6-11 for law enforcement officers serving as bailiffs.**

   III. **Whether the circuit court's 1996 and 2012 orders violated the doctrine of separation of powers under Article 1, Sections 1 and 2 of the Mississippi Constitution.**

## DISCUSSION

   I. **Whether Mississippi Code Section 19-25-19 authorizes a sheriff to appoint, assign, and compensate bailiffs without the express permission of the circuit court.**

¶8. Lewis argues that Section 19-25-19 expressly authorizes the sheriff to appoint, compensate, and assign deputies to assist in the duties of his office. *See* Miss. Code Ann. §

4

19-25-19 (Rev. 2012). Lewis also argues that the plain language of Section 19-25-19 allows the sheriff to remove a deputy at pleasure but requires the court to give notice and hold a hearing to show cause. *See id.*; *In re Bishop*, 211 Miss. 518, 520 (1951).

¶9.     The circuit court employs case law from outside Mississippi to interpret Section 19-25-19. *See* Miss. Code Ann. § 19-25-19; *Frazier v. Meadows*, 454 S.E. 2d 65 (W. Va. 1994). The circuit court argues case law from another state should apply because Mississippi lacks case law on the issue. Following the reasoning of *Frazier*, the circuit court argues that slight deviation from the plain meaning of the statutes is necessary, and the Court should hold that the sheriff must gain permission to appoint, assign, and compensate bailiffs. *See Frazier*, 454 S.E. 2d at 71.

¶10.    Mississippi Code Section 19-25-19 states in pertinent part:

> Every sheriff shall have power to appoint one or more deputies to assist him in carrying out the *duties* of his office, every such appointment to be in writing, to remove them at pleasure, and to fix compensation, subject to the budget for the sheriff's office approved by the county board of supervisors. . . . All sheriffs shall be liable for the acts of their deputies, and for money collected by them. The circuit court, after a notice and a hearing, shall have power to remove such deputies and also bailiffs, upon a showing that the public interest will be served thereby.

Miss. Code Ann. § 19-25-19 (emphasis added). The plain language of Section 19-25-19 empowers a sheriff to compensate and remove deputies at pleasure and makes no distinction between deputies and bailiffs.[1] *See id.* The only qualifier on the sheriff's power is that the

---

[1]The Legislature has carved out an exception and defined the pay for "riding bailiffs" in Section 19-25-31. *See* Miss. Code Ann. § 19-25-31 (Rev. 2012). Riding bailiffs are hired under the judge's discretion by a court order and allow the sheriff additional bailiffs. *Id.* Riding bailiffs have a statutorily fixed compensation at fifty-five dollars a day, and they differ from deputies or bailiffs of the sheriff. *See id.* We did not find any proof in the record

deputies must be assisting the sheriff in carrying out his duties. *See id.* Thus, to fully understand Section 19-25-19, we look to other statutes defining the duties of the sheriff to determine whether the duties of the sheriff extend to the courts.

¶11. Section 19-25-35 pertains to the duties of the sheriff and states that "[t]he sheriff shall be the executive officer of the circuit and chancery court . . . and he shall attend all the sessions thereof with a sufficient number of deputies or bailiffs." Miss. Code Ann. § 19-25-35 (Rev. 2012). The sheriff has the duty to ensure every session of the circuit court has a deputy or bailiff attending. Thus, the sheriff's duties extend to the court.

¶12. The Court has stated, where the language in a statute is plain and unambiguous, "[i]t is not within the province of this [C]ourt to add to the law as the Legislature has written it." ***First Nat'l Bank of Memphis v. State Tax Comm'n***, 49 So. 2d 410, 412 (1950) (quoting ***City of Hazlehurst v. Mayes***, 51 So. 890, 891 (1910)); *see also* ***Conway v. Mississippi State Bd. of Health***, 173 So. 2d 412, 415 (1965). Section 19-25-19 is plain and unambiguous. Therefore, we will not deviate from the plain language of Section 19-25-19, and the circuit court's argument that a case from another state should be applied to interpret Section 19-25-19 is unfounded.

¶13. Legislative intent is considered even when the statute is unambiguous. *See **Allred v. Yarborough***, 843 So. 2d 727, 729 (Miss. 2003). "[L]egislative intent must be determined from the total language of the act and not from one section thereof considered apart from the remainder." ***Lee v. Alexander***, 607 So. 2d 30, 36 (Miss. 1992) (quoting ***Pearl River Valley***

---

that the bailiffs at issue are riding bailiffs; thus, Section 19-25-31 does not apply to the instant facts.

6

*Water Supply Dist. et al. v. Hinds Cnty., et al.*, 445 So. 2d 1330 (Miss.1984)). The Court also has stated:

> No principle is more firmly established, or rests on more secure foundations, than the rule which declares when a law is *plain and unambiguous*, whether it be expressed in general or limited terms, that the *Legislature shall be deemed to have intended* to mean what they have plainly expressed, and, consequently, no room is left for construction in the application of such a law.

*Conway*, 173 So. 2d at 415 (citing *Wilson v. Yazoo & M.V.R. Co.*, 6 So. 2d 313 (1942)) (emphasis added). Title 19, Section 25 of the Mississippi Code defines the role and duties of the sheriff, and we hold its language to be plain and unambiguous. Therefore, under *Conway*, the Legislature is deemed to have intended what is plainly expressed.

¶14. The Court is bound by the plain language of Section 19-25-19. We hold that, under Section 19-25-19, the sheriff has the authority to compensate, appoint, and remove bailiffs, as bailiffs are deputies of the sheriff. The circuit court may remove a bailiff after a hearing and a showing that removal will serve the public interest.

> **II.    Whether Mississippi Code Section 19-25-21 authorizes a sheriff to enforce the training requirements of Sections 19-25-21 and 45-6-11 for law enforcement officers serving as bailiffs.**

¶15. Lewis relies on Section 19-25-19 to argue that bailiffs are law enforcement officers because they fall under the authority of the sheriff; therefore, bailiffs must satisfy the required course curriculum and qualifications under Sections 19-25-21 and 45-6-11. *See* Miss. Code Ann. §§ 19-25-19; 19-25-21 (Rev. 2012); 45-6-11 (Supp. 2014). Lewis also argues that bailiffs have law enforcement duties because they are employed by the sheriff, sworn in, and vested with the authority to bear arms and make arrests.

7

¶16. The circuit court argues that bailiffs are not law enforcement officers because their primary duties are not the prevention and detection of crime or apprehension of criminals under Section 45-6-3. *See* Miss. Code § 45-6-3 (Rev. 2011) (defining the duties of a law enforcement officer). The circuit court, therefore, concludes that the required course curriculum under Sections 19-25-21 and 45-6-11 does not apply to bailiffs. *See* Miss. Code Ann. §§ 19-25-21; 45-6-11.

¶17. "It is a well-settled rule of statutory construction that when two statutes pertain to the same subject, they must be read together in light of legislative intent." ***Tunica Cnty. v. Hampton Co. Nat'l Sur., LLC***, 27 So. 3d 1128, 1133 (Miss. 2009). Section 19-25-21 states the required course curriculum for deputies who have law enforcement *duties*. Miss. Code Ann. § 19-25-21. Section 45-6-11 states the qualifications and certifications required for a law enforcement *officer* – either part-time or full-time. Miss. Code Ann. § 45-6-11(c), (d). The issue is two-fold; first we determine whether the sheriff and his deputies or bailiffs have law enforcement *duties*, and second we determine whether the sheriff and his deputies or bailiffs are therefore law enforcement *officers*.

¶18. Title 19, Section 25 does not define what constitutes law enforcement duties. However, the Legislature has defined a law enforcement officer as "any person appointed or employed . . . who is duly sworn and vested with authority to bear arms and make arrests, and whose primary responsibility is the prevention and detection of crime, the apprehension of criminals and the enforcement of the criminal and traffic laws of this state . . . ." Miss. Code Ann. § 45-6-3 (c), (d) (Rev. 2011).

8

¶19. Two statutes within Title 19, Chapter 25 define the duties of the sheriff and his deputies or bailiffs. Section 19-25-35 defines the duties of the sheriff concerning courts:

> The sheriff shall be the executive officer of the circuit and chancery court of his county, and he shall attend all the sessions thereof with a sufficient number of deputies or bailiffs. He shall execute all orders and decrees of said courts directed to him to be executed. He shall take into his custody, and safely keep, in the jail of his county, all persons committed by order of either of said courts, or by any process issuing therefrom, or lawfully required to be held for appearance before either of them.

Miss. Code Ann. § 19-25-35 (Rev. 2012). Section 19-25-35 confers upon the sheriff the duty of keeping the people convicted in custody and keeping the courthouse safe. *See id.* Further, Section 19-25-69 states:

> The sheriff shall have charge of the *courthouse and jail* of his county, of the premises belonging thereto, and of the prisoners in said jail. He shall preserve *the said premises* and prisoners from mob violence, from any injuries or attacks by mobs or otherwise, and from trespasses and intruders. He shall keep *the courthouse*, jail, and premises belonging thereto, in a clean and comfortable condition, and it shall be his duty to prosecute all persons who are guilty of injuring or defacing same.

Miss. Code Ann. § 19-25-69 (Rev. 2012) (emphasis added). In other words, in Section 19-25-69, the Legislature has given the sheriff the duties of protecting the courthouse. *See id.* Given the undeniable intent that the sheriff's duties include maintaining the general safety of the courthouse and specifically protecting it from violence, attacks, and injuries, we conclude the sheriff and his deputies or bailiffs engage in law enforcement duties pertaining to the court.

¶20. The remaining question is whether a bailiff having law enforcement *duties* is also a law enforcement *officer*, and we conclude that he or she is. Section 45-6-3(c) states that a law enforcement officer must be "any person appointed or employed *full time* [sic] by the

9

state or any political subdvision thereof, or by the state military department . . . ." Miss. Code Ann. § 45-6-3(c) (emphasis added). Section 45-6-3(d) states that a "*part-time* law enforcement officer" shall mean any person appointed or employed in a part-time, reserve or auxiliary capacity by the state or any political subdivison thereof . . . ." Miss. Code Ann. § 45-6-3(d) (emphasis added). Under both subsections (c) and (d), a law enforcement officer – either part-time or full-time – must also be vested with law enforcement duties including the authority to bear arms and make arrests. Miss. Code Ann. § 45-6-3. Both part-time and full-time law enforcement officers are subject to the training requirements and certification requirements outlined in Section 45-6-11; however, training may differ slightly between full-time and part-time officers. Therefore, bailiffs are either law enforcement officers or part-time law enforcement officers because they have law enforcement duties.

¶21. We hold that bailiffs having law enforcement duties under Sections 19-25-35 and 19-25-69 are subject to the training requirements of Section 19-25-11. We also hold that bailiffs having law enforcement duties and are either law enforcement officers or part-time law enforcement officers and, therefore, are subject to the certification requirements set forth in Section 45-6-11.

**III. Whether the circuit court's 1996 and 2012 orders violated the doctrine of separation of powers under Article 1, Sections 1 and 2 of the Constitution of the State of Mississippi.**

¶22.    The sheriff is a member of the executive branch of government.[2]  Miss. Const. art. 5,

§ 138; Miss. Code Ann. § 19-25-35 ("The sheriff shall be the executive officer of the circuit

and chancery court of his county."); *Tunica Cnty. v. Hampton Co. Nat'l Sur., LLC*, 27 So.

3d 1128, 1131 (Miss. 2009) ("This Court has long recognized that the sheriff is the 'chief law

executive officer of his county.'") (citing *Simmons v. State*, 141 So. 288 (1932)).

¶23.    Article 1, Section 1 of the Mississippi Constitution divides the government into three

branches.  *See* Miss. Const. art. 1, § 1.  Article 1, Section 2 of the Constitution states:

> No person or collection of persons, being one or belonging to one of these
> departments, shall exercise any power properly belonging to either of the
> others. The acceptance of an office in either of said departments shall, of itself,
> and at once, vacate any and all offices held by the person so accepting in either
> of the other departments.

Miss. Const. art. 1, § 2.    The Court has stated, " [N]o Governor, or for that matter, *any*

*governmental official*, can exercise power beyond their constitutional authority." *Barbour*

*v. State ex rel. Hood*, 974 So. 2d 232, 239 (Miss. 2008) (emphasis added); *see also Fordice*

*v. Bryan*, 651 So. 2d 998, 1003 (Miss. 1995) (quoting *State ex rel. Sego v. Kirkpatrick*, 86

N.M. 359, 524 P.2d 975 (1974)).

¶24.    Lewis argues that the 1996 Order and the 2012 Order and Opinion issued by the

circuit court overstep the judiciary's power to interpret statutes; with the orders, the circuit

court exercises "rulemaking power" because the orders ignore the duties of the sheriff as

---

[2]The Legislature previously has defined the duties of different branches of the government. *See Barbour*, 974 So. 2d at 240 (¶ 14) ("Mississippi Code Annotated Section 7-1-5 provides the Governor's duties include seeing that the laws are faithfully executed and making appointments and filling vacancies as prescribed by law.") (citing Miss. Code Ann. §7-1-5( c ) and (f) (Rev. 2002)).

defined by the Legislature. The circuit court responds with two separate arguments. Without citing any specific statute of limitations, the circuit court argues that the time to appeal the 1996 has passed; therefore, it is final. It also argues that, because the court can have a bailiff removed by showing due cause under Section 19-25-19, judicial involvement with the sheriff does not violate the constitution. *See* Miss. Code Ann. § 19-25-19 (Rev. 2012).

¶25. Sheriffs are members of the executive branch; therefore, although bailiffs work in a courtroom, they are members of the executive branch. The Legislature has defined the duties of sheriffs concerning courts, and we further hold that the 1996 Order and 2012 Order and Opinion are void to the extent that they contradict statutory law. For the sake of clarity, we determine the constitutionality of the 1996 Order by section and the 2012 Order and Opinion as a whole. Given that our holding rests in the constitutionality of the orders, the circuit court's argument that the 1996 Order was not timely appealed fails. *See e.g. **Sierra Club v. Mississippi Envtl. Quality Permit Bd.**,* 943 So. 2d 673, 678 (Miss. 2006) (holding that administrative orders may be reviewed based on a constitutional right of the complaining party).

¶26. Section one states the hours of a bailiff's workday. We hold that it is not within the province of the court to determine the hours of a bailiff's workday. Section 19-25-35 states that the sheriff must attend all sessions of the court. See Miss. Code Ann. § 19-25-35. Thus, the sheriff has control over the hours of his deputies, and he must ensure they attend all court sessions.

12

¶27. Section two defines the attire of bailiffs. We hold that courts have inherent power over their courtrooms, including the authority to define the attire of bailiffs and others in attendance.

¶28. The first part of section three states that bailiffs are to be assigned to specific judges and must perform only non-judicial duties. We hold today that the duties of a bailiff constitute law enforcement duties; thus, the duties may be non-judicial. Section 19-25-69 defines the duties of the sheriff, which include maintaining the safety, cleanliness, and comfort of the courthouse. Miss. Code Ann. § 19-25-69. The second part of section three states that the sheriff must enforce all orders of the Court. Section 19-25-35 states that the sheriff shall "execute all orders and decrees of said courts directed to him to be executed." Miss. Code Ann. § 19-25-35. Therefore, we hold the second part of section three to be in compliance with statutory law; however, we note that the court may not issue orders that contradict statutory law, as is the issue in the instant dispute.

¶29. Section four states that the sheriff must establish a discipline for the security and maintenance of the court that must be approved by the court, the sheriff may set bailiffs salaries on an "equitable basis," and bailiffs may be assigned to the sheriff only for "special duties" or emergencies. We hold that section four is void in full under three sections of the Mississippi Code. First, Section 19-25-19 states bailiffs are deputy sheriffs who may preform all acts and duties of the sheriff, and the sheriff may set the compensation of bailiffs. Miss. Code Ann. § 19-25-19. Second, Section 19-25-69 defines the duties of the sheriff, which include maintaining the safety, cleanliness, and comfort of the courthouse. Miss. Code Ann. § 19-25-69. Third, Section 19-25-35 states that the sheriff must attend all

13

sessions of court. Under the above styled code sections, the sheriff need not have a discipline approved by the court. The sheriff's duties determine the duties of the bailiffs; thus, bailiffs are always assigned to the sheriff and attend court as deputies of the sheriff.

¶30.    Section five defines bailiffs as officers of the court and not law enforcement officers. It also states that a judge may remove a bailiff when he fails to maintain confidences and fails to preform his duties. On the other hand, section five states that the sheriff may remove a bailiff for good cause and upon the advice and consent of the judge. While we express no opinion here on maintaining confidences, we hold today that the duties of a bailiff constitute law enforcement duties. Moreover, removal of bailiffs is clearly governed by Section 19-25-19, and section five directly conflicts with Section 19-25-19. *See* Miss. Code Ann. § 19-25-19. Thus, with the exception of maintaining confidences, we hold the remaining parts of section five to be void.

¶31.    Section six states that Hinds County shall provide sufficient additional bailiffs when needed. We hold that section six refers to "riding bailiffs" and that it is in compliance with Section 19-25-31. Under Section 19-25-31, judges' authority of appointment extends only to riding bailiffs who are compensated by the county. *See* Miss. Code Ann. § 19-25-31.

¶32.    We hold sections one and four to be void in full because they completely contradict statutory law. We hold sections three and five to be void in part to the extent that they contradict statutory law. And we hold sections two and six to be in compliance with statutory law and within the province of the court to order. We think it is a better practice for the circuit court – when stating the dress or confidences of bailiffs – to issue court rules over court orders, but we cannot say the 1996 Order is entirely against statutory law. To the

14

extent the 1996 Order violates statutory law, as stated herein, the 2012 Order and Opinion also violates statutory law.

## CONCLUSION

¶33. The instant matter hinges on whether bailiffs are deputies of the sheriff or court personnel. The language of Title 19, Chapter 25 is plain and unambiguous. The Legislature has empowered the sheriff with the authority to appoint, remove, and compensate bailiffs. Bailiffs appointed by the sheriff also have law enforcement duties, and thus, qualify as law enforcement officers. We hold that, under the Mississippi Constitution and statutory law, parts of the 1996 Order and the 2012 Order and Opinion exceed the power of the Hinds County Circuit Court and are therefore void.

¶34. **VACATED IN PART AND RENDERED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR.**