KING, Justice,
dissenting:
¶ 12. Because I believe that Green’s multiple convictions and sentences for a single offense are unconstitutional and amount to plain error, I respectfully dissent. This Court has “the option of recognizing plain error even when it is not brought to the attention of the trial court or this Court....” Fuselier v. State, 654 So.2d 519, 522 (Miss.1995). The doctrine of plain error applies when the error results in a “manifest miscarriage of justice or seriously affects the fairness, integrity or public reputation of judicial proceedings.” Johnson v. State, 155 So.3d 733, 738 (Miss.2014) (citations omitted).
¶ 13. Whether a convicted felon may be punished separately for possessing each individual firearm under Section 97-37-5 is a question of first impression in Mississippi. The issue of whether a double jeopardy violation exists if a defendant is charged with multiple counts of being a felon in possession of a firearm was placed squarely in front of the Court of Appeals through Judge Barnes’s dissent. The Court of Appeals declined to address this issue of first impression and, through writ of certiorari, the issue was brought before this Court. The majority states that the plain error doctrine is inappropriate when the issue is “one of first impression, and the correct result unsettled and unclear.” However, “some issues are of such importance and of first impression that in spite of a statutory bar, this Court should proceed and address that particular issue.” Foster v. State, 639 So.2d 1263, 1295 (Miss.1994).
¶ 14. Under the Fifth Amendment, “no person shall be subject for the same of-fence to be twice put in jeopardy of life or limb.” U.S. Const, amend. Y; see Miss. Const, art. 3, § 22. This Court has held clearly that the right to be free from double jeopardy is a fundamental right, and procedural bars do not apply. Rowland v. State, 42 So.3d 503, 508 (Miss.2010). Green was convicted of three counts of being a felon in possession of a firearm and was sentenced to ten years in prison for each count, to run consecutively. Twenty years in prison for two wrongful convictions clearly is an issue of great importance and is a manifest miscarriage of justice.'
¶ 15. Green contends that Mississippi Code Section 97-37-5(1) is ambiguous, and that the statute can be interpreted to punish a convicted felon for possessing each separate firearm or for possessing firearms as a whole. Section 97-37-5(1) states:
It shall be unlawful for any person who has been convicted of a felony under the laws of this state, any other state, or of the United States to possess any firearm or any bowie knife, dirk knife, butcher knife, switchblade knife, metallic knuckles, blackjack, or any muffler or silencer for any firearm unless such person has received a pardon for such felony....
Miss.Code Ann. § 97-37-5(1) (Rev.2014). This Court “will not engage in statutory interpretation if a statute is plain and unambiguous.” Lewis v. Hinds Cty. Circuit Court, 158 So.3d 1117, 1120 (Miss.2015). When a statute is ambiguous, the ultimate goal in interpreting the statute is to discern the legislative intent. Id.
¶ 16. The statute criminalizes the possession of any firearm by a convicted felon. I find merit in Judge Barnes’s dissent and in the determination that “any fire *34 arm” may be interpreted to mean either the singular or the plural. The United States Supreme Court has found a similarly worded statute using the word “any” .to be ambiguous. In interpreting the Mann Act, the Supreme Court found that the language “[w]hoever knowingly transports in interstate or foreign commerce ... any woman or girl for the purpose of prostitution or debauchery, or for any other immoral .purpose ...” was ambiguous and that it did not clearly express the will of Congress. Bell v. United States, 349 U.S. 81, 82-83, 75 S.Ct. 620, 621-22, 99 L.Ed. 905 (1955) (emphasis added). See also State of North Carolina v. Garris, 191 N.C.App. 276, 663 S.E.2d 340, 344 (2008); People v. Carter, 213 Ill.2d 295, 290 Ill. Dec. 182, 821 N.E.2d 233, 237 (2004); Hill v. State of Florida, 711 So.2d 1221, 1222 (Fla.Dist.Ct.App.1998). I believe that Section 97-37-5 also is ambiguous and, in interpreting this statutory section, that the legislative intent must be determined.
¶ 17. Because this is an issue of first impression in Mississippi, this Court may look to interpretation of the federal fee-arms statute for guidance. The Fifth Circuit interpreted United States Code Section 922(g)(1) to permit only one conviction for a simultaneous possession of multiple weapons.[2] The' court found that “[t]he evil Congress sought to suppress by section 922 was the arming of felons; the section is based on the status of the offender and not the number of guns possessed.” United States v. Berry, 977 F.2d 915, 920 (5th Cir.1992), See also United States v. Hutching, 75 F.3d 1453, 1460 (10th Cir.1996) (“The ‘simultaneous possession’ of multiple firearms generally -‘constitutes only ,.. one offense’ unless there is evidence that the weapons were stored in different places or acquired at different times.”); United States v.. Dunford, 148 F.3d 385, 390 (4th Cir.1998) (“While the prohibited conduct is the possessing of any firearm or ammunition,,the statute applies only to members of [the class] specified in the statute.... We join the majority of circuits which have reached a similar conclusion.”). The Fifth Circuit’s logic is sound.- Mirroring congressional intent, in enacting Section 97-37-5, I believe the Mississippi Legislature likely intended to prevent the class of convicted felons from being armed. Therefore, the statute is based on the status of the offender, not the number of weapons that the offender possessed.
¶ 18. Because the statute is ambiguous and is based on the status of the offender, the statute must be construed in favor of Green. It is “bedrock law in Mississippi that criminal statutes are to be strictly construed against the State and liberally in favor of the accused.” Coleman v. State, 947 So.2d 878, 881 (Miss.2006) (citing McLamb v. State, 456 So.2d 743, 745 (Miss.1984)). As the Supreme Court stated in Bell:
When Congress has the will it has no difficulty in expressing it — when it has the will, that is, of defining what it desires to make the unit of prosecution and, more particularly, to make each stick in a faggot a single criminal unit. When Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity. And this not out of any sentimental consideration, or for want of sympathy with the purpose of Congress in proscribing evil or antisocial conduct. It may fairly be said to be a presupposition of our law to resolve *35 doubts in the enforcement of a penal code against the imposition of a harsher punishment. This in no wise. implies that language used in criminal statutes should not be read with the saving grace of common sense with which other enactments, not cast in technical language, are to be read. Nor does it assume that offenders against the law carefully read the penal code before they embark on crime. It merely means that if Congress does not fix the punishment, for a federal offense clearly and without ambiguity, doúbt will be resolved against turning a single transaction into multiple offenses....
Bell, 349 U.S. at 83-84, 75 S.Ct. at 622.
¶ 19. If the State had evidence that Green obtained the guns at different times or stored them in separate places, then the State had the opportunity to prove those points. However, it is undisputed in this case that the State recovered the firearms from the same location: the trunk of Green’s car. Because Green possessed the three firearms simultaneously, with no evidence introduced otherwise, he could be convicted only once of possession of a weapon. Therefore, I believe that two of Green’s convictions were plain error and violated his right to be protected against double jeopardy.
¶ 20, The State argues that this Court, in Watkins v. State, 101 So.3d 628 (Miss.2012), rejected a similar argument in relation to possession of controlled substances, and courts in Mississippi consistently have held that possession of more than one controlled substance warrants multiple violations of Section 41-29-139.[3] This code section clearly was enacted to criminalize the possession of controlled substances, and it is not based on the status of the possessor. Moreover, the same reasoning applies even more so to the child pornography statute, Section 97-5-33.[4] The public policy behind the child pornography statute is to convict offenders for the possession of the images, no matter the offender’s status. Because Section 97-37-5(1) is based on the status of the offender and because the statute must be interpreted in favor of the accused, multiple convictions for the simultaneous possession of firearms cannot stand and are in violation Of the double-jeopardy clause.
¶ 21. I believe that Green’s fundamental right to protection from double jeopardy was violated and that, as a result, plain error oceurre,d. Therefore, I dissent and would affirm only one conviction and sentence for being a felon in possession of a firearm under Section 97-37-5.
DICKINSON, P.J., AND KITCHENS, J., JOIN THIS OPINION.

. "It shall be unlawful for any person — who has been convicted in any court of, a crime punishable-by imprisonment-for a term exceeding one year ... to possess any firearm or ammunition." 18 U.S.C.A. § 922(g)(1) (2012).

. Mississippi Code Section 41-29-139 reads: (a) Except as authorized by this article, it is unlakvful for any person knowingly or intentionally:
(1) To sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance. ...
Miss.Code Ann. § 41 — 29—139(a)(1) (Rev. 2013).

. Mississippi Code Section 97-5-33(5) states:
No person shall, by any means including computer, knowingly possess or knowingly access with intent to view any photograph, drawing, sketch, film, video tape or other visual depiction of an actual child engaging in sexually explicit conduct.
Miss.Code Ann. § 97;-5-33(5) (Rey.2014).